United States District Court
For the Northern District of California

Elmo Dill,                          )
                                    )
                  Petitioner,       )
                                    )
          v.                        )      No. C 04-2031 DLJ
                                    )      No. CR 00-40059-DLJ
United States,                      )
                                    )
                  Respondent.       )      **ORDER**
_____)

On May 24, 2004, Elmo Dill (Petitioner) filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner also filed a motion requesting the Court appoint counsel to assist him with his § 2255 claim.  In his § 2255 motion, Petitioner argues that he is entitled to relief because: (1) he was provided ineffective assistance of counsel, (2) the Court was biased against him, and (3) the government knowingly offered false statements at trial.  On March 25, 2005, the Court held that the bias and prosecutorial misconduct claims were procedurally barred because Petitioner did not raise these issues on direct appeal. The Court permitted Petitioner to proceed with his ineffective assistance of counsel claim and ordered the parties to brief that issue.  Having reviewed the papers submitted, and the applicable law, the Court DENIES Petitioner's § 2255 motion and his motion for appointment of counsel.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's conviction arose out of an incident that occurred on September 15, 1999, at approximately 1:00 a.m., when three Oakland police officers went to a residential building at 7908 Ney

Street in Oakland to serve an arrest warrant for Dorman Lemon

(a.k.a. Omar Harris, hereinafter Harris).  At trial the officers

testified that as they approached the building, they heard noises

coming from a Ford Explorer parked in front of the building.  The

officers approached the vehicle with flashlights.  Officer Joyner

testified that as he approached the driver's side of the vehicle,

he saw Petitioner, who was seated in the driver's seat, pass a

pistol from the area of his lap toward Harris, who was seated in

the passenger's seat.  See Testimony of Officer Joyner, Transcript

at 2-327:1-18 (March 20, 2001).  Officer Midyett, who approached

the passenger side of the vehicle, also witnessed Petitioner pass a

black object toward Harris.  See Testimony of Officer Midyett,

Transcript at 2-435:1-20 (March 20, 2001).  Officer Parkinson also

testified he witnessed Petitioner pass an object to Harris.  See

Testimony of Officer Parkinson, Transcript at 3-636:1-8 (March 21,

2001). A third person, Harry Phillips, sat in the rear of the

vehicle.

　　　After ordering the three occupants from the car, the officers

found a loaded Intratec AB-10 9mm pistol on the front passenger

floorboard.  Officer Joyner identified the pistol as the one passed

by Petitioner toward Harris.  Petitioner, who has a felony record,

was indicted and on March 23, 2001, was convicted by a jury on one

count of being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g).  Petitioner was subsequently sentenced by this

**United States District Court**
For the Northern District of California

Court to 180 months imprisonment and is currently incarcerated at a Bureau of Prisons facility in Florence, Colorado.

Before Petitioner's trial, the government filed a motion in limine seeking to exclude an affidavit found by officers searching Harris' apartment in March of 2001 in the course of a separate investigation.  In the affidavit, which relates to the incident at trial, Harris declares that he brought the pistol into the car.  He also declares that Petitioner did not know about the pistol and never had an opportunity to see it.  The affidavit had apparently been prepared with the assistance of Petitioner's trial counsel.  Shortly before Petitioner's trial, Harris was killed.  In its motion in limine the government argued that the Court should not permit the affidavit to be admitted into evidence because Harris' signature could not be authenticated and the affidavit's contents were impermissible hearsay.  The Court heard argument on the government's motion but deferred ruling on the motion at that time because there had been no motion to admit the affidavit and until such a motion was made, a determination regarding the affidavit's admissibility was premature.  See Transcript at 1-27:10-25 (March 19, 2001).  Petitioner's counsel never moved to admit the affidavit at trial, and the Court was never called upon to rule on its admissibility.

In his § 2255 motion Petitioner argues that the affidavit was admissible exculpatory evidence and his counsel provided

United States District Court

For the Northern District of California

ineffective assistance because he failed to introduce it.
Petitioner argues that the affidavit could have been admitted as a
statement against penal interest pursuant to Federal Rule of
Evidence 804(b)(3).  In its reply, the government argues that
Petitioner's § 2255 motion is time barred because it was filed four
days after the expiration of the one year statute of limitations
period.  The government also asserts that the ineffective
assistance of counsel claim is without merit because Petitioner's
counsel's decision not to introduce the affidavit was a strategic
choice and was not unreasonable under accepted standards of
professional conduct.  Additionally, the government argues that
Petitioner was not prejudiced because the affidavit would have been
inadmissible under Federal Rule of Evidence 804(b)(3) because there
are no corroborating circumstances which indicate its
trustworthiness.

**II.   LEGAL STANDARD**

**A.  Appointment of Counsel**

     The Sixth Amendment's right to counsel does not apply in
habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722,
728 (9th Cir. 1986).  However, under 18 U.S.C. § 3006A(a)(2)(B)
counsel may be appointed at the discretion of the court to assist a
defendant in filing a petition under 28 U.S.C. § 2255.  Section
3006(a)(2)(b) directs the court to determine: (1) whether the

4

**United States District Court**
For the Northern District of California

person is financially eligible for appointment of counsel and (2) whether the interests of justice requires the appointment of counsel.  The decision to appoint counsel is within the discretion of the district court, however, in cases where an evidentiary hearing is granted the appointment of counsel is required.  Section 2255 requires that an evidentiary hearing be held unless the record conclusively reveals that the petitioner is not entitled to relief.  See United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998).

**B.   Time Limit for Filing a § 2255 Petition**

A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could first have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255.

I.  Mailbox Rule

Under the "mailbox rule" a pro se prisoner's motion is deemed filed on the date of its submission to prison authorities for

5

mailing to the court, as opposed to the date of its receipt by the clerk of the court.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001)(Pro se prisoner's § 2244 motion was filed when he submitted it to prison officials for mailing).  To benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

        ii.  Finality of Conviction

     For purposes of § 2255 a conviction is considered final when: (1) a defendant does not file a writ of certiorari and the time for doing so has expired, (2) the Supreme Court denies a defendant's writ of certiorari, or (3) the Supreme Court issues a ruling on the merits of a defendant's case.  See Clay v. United States, 123 S. Ct. 1072, 1075 (2003);  United States v. Garcia, 210 F.3d 1058, 1060-61 (9th Cir. 2000).

**C.   Ineffective Assistance of Counsel**

     The Sixth Amendment right to counsel guarantees not only assistance of counsel, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984).  In Strickland the United States Supreme Court held that in order to prevail on an ineffective assistance of counsel claim a defendant must show: (1) that counsel's performance was deficient under an objective

United States District Court

For the Northern District of California

standard of reasonableness and (2) the deficient performance prejudiced the defendant.  Id.

To satisfy the first prong, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness.  Id. at 688.  This requires a defendant to identify acts or omissions that are alleged to have fallen below this standard.  Id.  A court must then determine whether these acts or omissions, in light of all of the circumstances, were objectively unreasonable under accepted standards of professional conduct.  Id. The Strickland Court cautioned that judicial review of counsel's performance must be highly deferential because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 690.  Strategic legal decisions, which are made after an investigation of law and fact are "virtually unchallengeable".  Id. at 691.

The second prong requires a court to inquire into whether counsel's errors were "so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable."  Id. at 687.  This standard requires the defendant to demonstrate that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 688.

**D.   Federal Rules of Evidence**

7

Rule 804(b)(3) of the Federal Rules of Evidence provides:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

## II.   DISCUSSION

### A.   Timeliness

Petitioner's motion is timely. A petition under § 2255 is timely if filed within one year from the date that the judgment of conviction becomes final. <u>See</u> 18 U.S.C. § 2255. While a petition is generally considered filed when the petition is received by the Court, a habeas corpus petition filed by a pro se prisoners is deemed filed on the date it is submitted to prison officials. In this case, Petitioner's conviction became final on May 19, 2003 when the United States Supreme Court denied his petition for a writ of certiorari. <u>See</u> <u>Dill v. U.S.</u>, 538 U.S. 1045 (2003) and therefore his time to file a § 2255 petition expired on May 20, 2004. Petitioner met this filing deadline because according to the certificate of service, he submitted his petition to prison officials for mailing on May 13, 2005.

### B.   Appointment of Counsel

For the reasons set forth below, the Court concludes that the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

record conclusively demonstrates that Petitioner is not entitled to relief.  Accordingly, his motion for appointment of counsel is denied.

**C.    Ineffective Assistance of Counsel**

Petitioner's ineffective assistance of counsel argument rests on his counsel's failure to introduce the Harris affidavit.  The Court finds that Petitioner has failed to meet his burden on this claim because: (1) counsel's decision not to introduce the affidavit was a strategic decision made after an investigation of law and fact and there is no evidence that Counsel's actions were objectively unreasonable and (2) Petitioner cannot demonstrate prejudice because portions of the affidavit are inadmissible and the admissible portions are cumulative of other evidence that the jury heard and rejected.

I.   Counsel's Performance Was Not Deficient.

In Strickland the U.S. Supreme Court stated that counsel must have "wide latitude in making decisions" and explained that strategic decisions, which are made after a reasonable investigation of law and fact are "virtually unchallengeable." Strickland, 466 U.S. at 690.  In this case, the affidavit at issue was written on defense counsel's pleading paper, and the inference that defense counsel prepared the affidavit and was aware of its existence was never contested.  The record also establishes that

counsel was aware of the affidavit because the government provided the defense with a copy prior the Court's hearing on the government's pre-trial in limine motion relating to the use of the affidavit.  See Transcript of March 19, 2001 at 1-24-28.  Because counsel was clearly aware of the affidavit, the decision not to introduce the affidavit must be considered a strategic, tactical decision by trial counsel and Petitioner has the burden to demonstrate that this decision was unreasonable under accepted standards of professional conduct.  Petitioner has not met this burden.  Additionally, as is discussed below, counsel's decision not to introduce the affidavit was reasonable under the circumstances because most of the potentially exculpatory statements would not have been admitted under the rules of evidence and the potentially admissible portions are cumulative of other testimony that was presented to the jury or have no corroboration. Counsel's failure to make a futile motion cannot be constitute ineffective assistance of counsel.  See e.g. James v. Borg, 24 F.3d 20, 207 (9th Cir. 1994).  Because Petitioner's counsel made a strategic decision not to introduce the affidavit and there is no basis to conclude that the decision was outside of the range of the objective standard of professional conduct, his § 2255 claim is dismissed.

**2. Petitioner Was Not Prejudiced.**

Even if Petitioner were able to demonstrate that his counsel

United States District Court

For the Northern District of California

performed deficiently, he still must demonstrate that he suffered prejudice as a result of this deficient performance.  In this case, this requires demonstrating that had his counsel attempted to admit the affidavit, the affidavit would have been admissible and there is a reasonable probability that its admission would have effected the outcome of the trial.  Petitioner cannot satisfy this burden.

For a statement to be admissible under Rule 804(b)(3), the declarant must be unavailable and the statement must be against the declarant's interest.[1]  In order to be against the declarant's interest, the statement must be "so far contrary to the declarant's pecuniary, or proprietary interest . . . or subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."  Additionally, in cases where the hearsay statement tends to expose the declarant to criminal liability and exculpate an accused there must also be corroborating circumstances which indicate the trustworthiness of the statement.  See e.g. United States v. Satterfield, 572 F.2d 687, 691 (9th Cir. 1978).

Here, the first four paragraphs of the affidavit are inadmissible under Rule 804(b)(3) because they are not against Harris' penal interest.  These paragraphs of the affidavit describe Harris' relationship with Dill, their decision to meet up that

---

[1]Harris died prior to Petitioner's trial.  His unavailibility is not at issue.

11

**United States District Court**
For the Northern District of California

evening, and their trip to a gas station to buy cigarettes and soda. <u>See</u> Harris Affidavit, ¶ 1-4. None of these statements would subject Harris to criminal or civil liability or is against his pecuniary or property interest.

In paragraph five of the affidavit Harris states that when he and Petitioner returned to his mother-in-law's home on Ney Street, Harris entered the home alone and dropped off the cigarettes and soda to his wife Andrail Grubbs. While in the home, Grubbs asked Harris to get rid of a Tec 9 pistol that her sister's husband had dropped off earlier. <u>See</u> Harris Affidavit, ¶ 5. Harris indicates that he took the pistol, tucked it into his waistband, which was covered by a pullover jacket that he was wearing, and left the home and entered Petitioner's vehicle. <u>See</u> Harris Affidavit, ¶ 6.

These statements would have been admitted under Rule 804(b)(3). The statements are against Harris' penal interest because he is a convicted felon and is prohibited from possessing a firearm. Harris' statements describing his acquisition of the pistol are corroborated by Andrail Grubbs. Grubbs testimony at trial as to what occurred inside of her mother's home mirrors Harris' account--she testified that she agreed to take the weapon from a friend but then decided that she did not want the gun in her mother's apartment and asked Harris to remove it from the apartment, which he agreed to do and that Dill was not present when this occurred. <u>See</u> Transcript of March 21, 2001 at 3-604 to 3-614.

12

**United States District Court**
For the Northern District of California

Accordingly, the Court would have admitted these statements. Nonetheless, the admission of these statements would not have changed the outcome of the trial because they do not cover what happened in the vehicle itself and are otherwise cumulative testimony which was heard and rejected by the jury.  As discussed above, the jury heard testimony from Andrail Grubbs describing the circumstances under which Harris took possession of the gun and her statement that Dill was not present at the time.  The jury rejected any inference from this testimony that because Harris acquired and took possession of the pistol, that Petitioner could not have possessed the pistol.  Hearing the same account from Harris, a convicted felon and long time friend of Petitioner, describing his acquisition of the pistol does not support a conclusion that the outcome of this case would have been changed.

In paragraphs six and seven Harris states that he got into Petitioner's vehicle, that he immediately noticed three police officers approaching the vehicle, and that he then pulled the pistol from his waistband and placed it under his seat next to the lever that moves the seat back and forth.  <u>See</u> Harris Affidavit, ¶ 6, 7.  He also states that Dill did not know about the presence of the pistol because he never handled the pistol, and did not have an opportunity to see the pistol before he placed it under the seat.  <u>See</u> Harris Affidavit, ¶ 9.

Harris' description of his possession and placement of the

13

United States District Court

For the Northern District of California

pistol while in Petitioner's vehicle qualifies as a statement against interest because, as is discussed above, Harris is a convicted felon and was prohibited from possessing a firearm.  The statement is offered as an exculpatory statement which supports an inference that Dill never possessed the pistol.  In order to be admissible, it must be accompanied by circumstances corroborating its trustworthiness.  No such circumstances are present here. There was no testimony or other evidence presented that would corroborate Harris' account of the events that occurred inside Petitioner's vehicle.  The only persons present at that time were the Oakland police officers, Harris, Petitioner, and Phillips.  The only evidence presented on that issue was from the three Oakland police officers present at the scene.  Each officer's testimony directly contradicts Harris' account.  See Testimony of Officer Joyner, Transcript at 2-327:1-18 (March 20, 2001); Testimony of Officer Midyett, Transcript at 2-435:1-20 (March 20, 2001); Testimony of Officer Parkinson, Transcript at 3-636:1-8 (March 21, 2001).

Additionally, Harris' stated opinion that Dill never saw the pistol is inadmissible.  A lay witness such as Harris can testify to events which he perceives and of which he has personal knowledge.  See Federal Rule of Evidence 601.  As a percipient witness, however, Harris cannot testify as to what was in Petitioner's mind.

14

United States District Court
For the Northern District of California

To the extent that these statements are offered to describe physical circumstances, which would have prevented Dill from seeing or handling the Pistol, they would be percipient admissible testimony under Rule 601, but are inadmissible under Rule 504(b)(3) because they are offered to exculpate Petitioner and are not accompanied by any corroborating circumstances indicating their trustworthiness.

### III.   CONCLUSION

Based on the foregoing, the Court hereby DENIES the Petitioner's 28 U.S.C. § 2255 petition and the motion for appointment of counsel.

IT IS SO ORDERED

Dated: June 26, 2007

_____
D. Lowell Jensen
United States District Judge